UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., | )<br>)<br>) |
| Plaintiff and Counterclaim-defendant, | )<br>)<br>) Civil Action No. 4:12-cv-00226-RWS<br>) |
| v. | )<br>) |
| THE BOEING COMPANY, | )<br>) |
| and | )<br>) |
| INSITU, INC., | )<br>) |
| Defendants and Counterclaim-plaintiffs. | )<br>)<br>) |

## **DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Defendants, The Boeing Company ("Boeing") and Insitu, Inc. ("Insitu" and, together with Boeing, the "Defendants"), by counsel, for their Answer to the Complaint for Willful Patent Infringement (the "Complaint") state as follows:

**Answer with Affirmative Defenses**

Plaintiff Advanced Aerospace Technologies, Inc.'s ("AATI" or the "Plaintiff") introductory opinions and commentary are not subject to a denial or admission.  To the extent that an answer is required, Defendants deny each allegation set forth in the unnumbered paragraphs on pages 1 and 2 of the Complaint.

1. Defendants admit the allegations of paragraph 1 of the Complaint, except that Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegation that AATI is doing business in Missouri and in this judicial district and therefore deny that allegation.

2. Defendants admit the allegations of the first sentence of paragraph 2 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2 and therefore deny them.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and therefore deny them, except Defendants state that runway-independent, small footprint UASs designed without additional ground support elements have reduced overall operational footprints, increased ability to operate in challenging, unimproved terrain or from ships, and increased ease of transport.

4. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and therefore deny them, except that Defendants understand that the prosecution histories of the '137 and '729 Patents contain petitions for correction of inventorship, dated May 15, 2008, and certificates of correction, dated August 24, 2010 and February 16, 2010, which name Charles H. Baker of Union, Missouri, as a co-inventor of the '137 and '729 Patents.

6. Defendants admit the allegations of paragraph 6 of the Complaint, except Defendants state that Insitu operates as an independent, wholly owned subsidiary of Boeing.

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit the allegations of the first sentence of paragraph 8 of the Complaint, that assembly of the UASs[1] occurs in the Columbia River Gorge area, that AATI alleges that the Insitu UASs infringe the AATI Patents, and deny the remaining allegations of paragraph 8 not specifically admitted.

9. Defendants admit that Insitu manufactures UASs that include a retrieval system known as "Skyhook," and deny the remaining allegations of paragraph 9 of the Complaint not specifically admitted.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second, third, and fourth sentences of paragraph 10 of the Complaint and therefore deny them and otherwise deny the remaining allegations of paragraph 10.

11. Defendants admit the allegations of the first and second sentences of paragraph 11 of the Complaint, that on July 21, 2008, a wholly owned subsidiary of Boeing merged with and into Insitu, and that Insitu became a wholly owned subsidiary of Boeing, and deny the remaining allegations of paragraph 11 not specifically admitted.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants admit that the Complaint purports to be an action for willful patent infringement arising under the patent laws of the United States of America, 35 U.S.C. § 1, *et. seq.,* including 35 U.S.C. § 271.  Defendants admit the allegations of the second sentence of paragraph 13 of the Complaint.

14. Defendants admit the allegations of the first sentence of paragraph 14 of the Complaint, except Defendants deny that Insitu is subject to general personal jurisdiction in this Court.  Defendants admit that Boeing's Defense, Space & Security division operates out of

---

[1] All defined terms have the same meaning as set forth in Plaintiff's Complaint, unless otherwise noted.

Berkeley, Missouri; state that Insitu operates as an independent, wholly owned subsidiary of Boeing; and deny the remaining allegations of the second sentence of paragraph 14 not specifically admitted.  Defendants admit that Insitu officers and employees have visited Missouri to conduct business with Boeing, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the third sentence of paragraph 14 and therefore deny them.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants state that paragraph 16 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 16 of the Complaint to the extent that they mischaracterize applicable law and state that 28 U.S.C. § 1498(a) speaks for itself.

17. Defendants state that paragraph 17 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 17 of the Complaint to the extent that they mischaracterize applicable law and state that 48 C.F.R. §§ 27.201-2 and 52.227-1 speak for themselves.

18. Defendants deny the allegations of the second sentence of paragraph 18 of the Complaint and state that the remainder of paragraph 18 states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations of paragraph 18 to the extent that they mischaracterize applicable law and state that 48 C.F.R. § 27.201-2 speaks for itself.

19. Paragraph 19 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 19

of the Complaint to the extent that they mischaracterize applicable law and state that the cases cited speak for themselves.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore deny them.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint and therefore deny them.

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the Complaint and therefore deny them.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint and therefore deny them, except Defendants state that runway-independent, small footprint UASs designed without additional ground support elements have reduced overall operational footprints, increased ability to operate in challenging, unimproved terrain or from ships, and increased ease of transport.

26. Defendants admit that U.S. Patent and Trademark Office issued the '729 and '137 Patents and admit that these patents cite "U.S. Provisional application No. 60/145,286" as a "Related U.S. Application" that was filed on July 23, 1999.  Defendants deny the remaining allegations of paragraph 26 of the Complaint not specifically admitted.

27. Defendants admit that U.S. Patent No. 6,264,140 issued on July 24, 2001. Defendants deny the allegations of the last sentence of paragraph 27 of the Complaint.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27 not specifically admitted or denied and therefore deny them.

28. Defendants admit that "The Insitu Group, Inc." is listed as the assignee of U.S. Patent No. 7,059,564. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, fourth, and fifth sentences of paragraph 28 of the Complaint and therefore deny them and otherwise deny the remaining allegations of paragraph 28 not specifically admitted.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants admit that U.S. Patent No. 7,059,564 references Mr. McDonnell's foreign patent application WO 01 07 318 A1 (Feb. 1, 2001), and that application WO 01 07 318 A1 identifies "William R. McDonnell" as the inventor and "Advanced Aerospace Technologies, Inc." as the applicant. Defendants deny the remaining allegations of paragraph 30 of the Complaint not specifically admitted.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint and therefore deny them.

32. Defendants admit that Boeing had agreements with Insitu related to Insitu UASs and deny the remaining allegations of paragraph 32 of the Complaint not specifically admitted.

33. Defendants admit that Boeing acquired Insitu in 2008 and that press reports indicated that the price was approximately $400 million and state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 33 of the Complaint and therefore deny them. Defendants deny the remaining allegations of paragraph 33 not specifically admitted.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants admit that AATI has communicated to Insitu its belief that it is entitled to compensation and that Mr. McDonnell and Mr. Sliwa have communicated about that issue. Defendants deny the remaining allegations of paragraph 35 of the Complaint not specifically admitted.

36. Defendants admit that Insitu made a proposal that included compensation based at least in part on sales of aircraft and recovery systems. Defendants deny the remaining allegations of paragraph 36 of the Complaint not specifically admitted.

37. Defendants admit that on or about July 22, 2008, Boeing announced an agreement to acquire Insitu. Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of paragraph 37 of the Complaint and therefore deny them and otherwise deny the remaining allegations of paragraph 37 not specifically admitted.

38. Defendants admit that, on or about July 31, 2008, Randy McDonnell sent the President of Boeing Military Aircraft, Integrated Defense Systems a letter regarding Boeing's then-contemplated acquisition of Insitu and state that the letter speaks for itself. Defendants deny the remaining allegations of paragraph 38 of the Complaint not specifically admitted.

39. Defendants admit that Insitu and Boeing have achieved success in the UAS market. Defendants deny the remaining allegations of paragraph 39 of the Complaint not specifically admitted.

40. Defendants admit the allegations of paragraph 40 of the Complaint.

41. Defendants incorporate by reference their responses to paragraphs 1 through 40 of the Complaint.

42. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and therefore deny them.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

45. Defendants deny the allegations of paragraph 45 of the Complaint.

46. Defendants deny the allegations of paragraph 46 of the Complaint.

47. Defendants deny the allegations of paragraph 47 of the Complaint.

48. Defendants deny the allegations of paragraph 48 of the Complaint.

49. Defendants deny the allegations of paragraph 49 of the Complaint.

50. Defendants incorporate by reference their responses to paragraphs 1 through 49 of the Complaint.

51. Defendants deny the allegations of paragraph 51 of the Complaint.

52. Defendants deny the allegations of paragraph 52 of the Complaint.

53. Defendants incorporate by reference their responses to paragraphs 1 through 52 of the Complaint.

54. Defendants deny the allegations of paragraph 54 of the Complaint.

55. Defendants deny the allegations of paragraph 55 of the Complaint.

56. Defendants deny the allegations of paragraph 56 of the Complaint.

57. Defendants incorporate by reference their responses to paragraphs 1 through 56 of the Complaint.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58 of the Complaint and therefore deny them.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

60. Defendants deny the allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

64. Defendants deny the allegations of paragraph 64 of the Complaint.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants incorporate by reference their responses to paragraphs 1 through 65 of the Complaint.

67. Defendants deny the allegations of paragraph 67 of the Complaint.

68. Defendants deny the allegations of paragraph 68 of the Complaint.

69. Defendants incorporate by reference their responses to paragraphs 1 through 68 of the Complaint.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

72. Defendants deny the allegations of paragraph 72 of the Complaint.

73. Defendants deny any allegation not specifically admitted, including any allegations contained in any headings.

74. Defendants deny that they are liable for any relief requested in the Prayer for Relief.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff's claims are barred in whole or in part by 28 U.S.C. § 1498.

## Second Affirmative Defense

Defendants have not infringed and are not infringing and, with respect to Insitu, are not infringing contributorily or by inducement, the '729 Patent.

## Third Affirmative Defense

Defendants have not infringed and are not infringing and, with respect to Insitu, are not infringing contributorily or by inducement, the '137 Patent.

## Fourth Affirmative Defense

The '729 Patent is invalid under one or more sections of Part II of Title 35 of the U.S. Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## Fifth Affirmative Defense

The '137 Patent is invalid under one or more sections of Part II of Title 35 of the U.S. Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

## Sixth Affirmative Defense

Plaintiff is barred from relief against Defendants by the doctrine of inexcusable delay.

## Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or part, by the doctrines of estoppel, laches, waiver, unclean hands, or other applicable equitable doctrines.

## Eighth Affirmative Defense

Plaintiff is barred, in whole or in part, by 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '729 Patent.

## Ninth Affirmative Defense

Plaintiff is barred, in whole or in part, by 35 U.S.C. § 286 from recovering damages for any alleged infringement of the '137 Patent.

### Tenth Affirmative Defense

Plaintiff is barred, in whole or in part, by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '729 Patent.

### Eleventh Affirmative Defense

Plaintiff is barred, in whole or in part, by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '137 Patent.

### Twelfth Affirmative Defense

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs with respect to the '729 Patent.

### Thirteenth Affirmative Defense

Plaintiff is barred by 35 U.S.C. § 288 from recovering costs with respect to the '137 Patent.

### Fourteenth Affirmative Defense

Plaintiff lacks standing to sue for past infringement of the AATI Patents.  Mr. McDonnell was employed by McDonnell Douglas Corporation ("McDonnell Douglas") in the 1990s, and he agreed to assign rights to patents made, invented, or suggested while working for McDonnell Douglas to that corporation.  To the extent Mr. McDonnell made, invented, or suggested the claimed inventions of the AATI Patents while he was an employee of McDonnell Douglas, he did not own the rights to the patents he purportedly assigned to AATI, and AATI, therefore, does not own or possess the right to sue for past infringement of the AATI Patents.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered, Defendants requests the Court to: (1) dismiss Plaintiff's Complaint with prejudice and that Plaintiff take nothing by it; (2) declare this an exceptional case in favor of Defendants; (3) award Defendants their attorneys' fees and costs incurred in this case; and (4) order such other and further relief as the Court may deem just and proper.

## Counterclaim

Boeing and Insitu, for their counterclaim against AATI, allege as follows:

1. This is a counterclaim for a declaratory judgment that Boeing and Insitu do not infringe the AATI Patents and that the AATI Patents are invalid.

### Parties and Jurisdiction

2. Boeing is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 100 North Riverside Plaza, Chicago, Illinois 60606.

3. Insitu is a corporation organized and existing under the laws of the State of Washington, with its principal place of business at 100 North Riverside Plaza, Chicago, Illinois 60606.

4. AATI is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business at 1165 Bella Vista Dr., St. Louis, Missouri 63131.

5. This Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

6. AATI is subject to personal jurisdiction in this Court.

7. Venue for this action is proper in this District pursuant to 28 U.S.C. § 1391.

Facts

8. AATI claims to be the assignee and the sole holder of all right, title, and interest in and to the '729 Patent, including all rights to enforce the patent and collect past and future damages for infringement.

9. AATI has sued Boeing and Insitu in this Court, alleging that Boeing and Insitu directly infringe the '729 Patent by (a) making, using, offering for sale, and/or selling within the United States the Insitu UASs, and all like systems and related services, infringing one or more claims of the '729 Patent; (b) supplying or causing to be supplied in or from the United States all or a substantial portion of what they know to be the components of the invention claimed in the '729 Patent, where such components are uncombined in whole or in part, in such manner as to actively and intentionally induce the combination of such components outside of the United States in a manner that they knew and know would infringe the '729 Patent if such combination occurred within the United States; (c) supplying or causing to be supplied in or from the United States what they know to be a component of the invention claimed in the '729 Patent that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the '729 Patent if such combination occurred within the United States; (d) by making, using, offering for sale, and/or selling within the United States, its territories, and possessions (including without limitation, U.S. Navy vessels inside and outside the territorial waters of the United States and U.S. military bases worldwide), the Insitu UASs, and all like systems and related services, infringing one or more claims of the '729 Patent; (e) by supplying or causing to be supplied in or from the United States all or a substantial portion of what they

know to be the components of the invention claimed in the '729 Patent, where such components are uncombined in whole or in part, in such manner as to actively and intentionally induce the combination of such components outside of the United States in a manner that they knew and know would infringe the '729 Patent if such combination occurred within the United States; and (f) by supplying or causing to be supplied in or from the United States what they know to be a component of the invention claimed in the '729 Patent that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the '729 Patent if such combination occurred within the United States.

10. AATI further alleged that Insitu actively and knowingly induced Boeing's infringement of the '729 Patent.

11. In addition, AATI alleged that Insitu contributorily infringed the '729 Patent by offering to sell or selling within the United States, its territories, and possessions (including without limitation, U.S. Navy vessels inside and outside the territorial waters of the United States and U.S. military bases worldwide) what it knows to be a component of the system claimed in the '729 Patent or for use in practicing the process claimed in the '729 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '729 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

12. AATI claims to be the assignee and the sole holder of all right, title, and interest in and to the '137 Patent, including all rights to enforce the patent and collect past and future damages for infringement.

13. AATI has sued Boeing and Insitu in this Court, alleging that Boeing and Insitu directly infringe the '137 Patent by (a) making, using, offering for sale, and/or selling within the United States the Insitu UASs, and all like systems and related services, infringing one or more claims of the '137 Patent; (b) supplying or causing to be supplied in or from the United States all or a substantial portion of what they know to be the components of the invention claimed in the '137 Patent, where such components are uncombined in whole or in part, in such manner as to actively and intentionally induce the combination of such components outside of the United States in a manner that they knew and know would infringe the '137 Patent if such combination occurred within the United States; (c) supplying or causing to be supplied in or from the United States what they know to be a component of the invention claimed in the '137 Patent that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the '137 Patent if such combination occurred within the United States; (d) by making, using, offering for sale, and/or selling within the United States, its territories, and possessions (including without limitation, U.S. Navy vessels inside and outside the territorial waters of the United States and U.S. military bases worldwide), the Insitu UASs, and all like systems and related services, infringing one or more claims of the '137 Patent; (e) by supplying or causing to be supplied in or from the United States all or a substantial portion of what they

know to be the components of the invention claimed in the '137 Patent, where such components are uncombined in whole or in part, in such manner as to actively and intentionally induce the combination of such components outside of the United States in a manner that they knew and know would infringe the '137 Patent if such combination occurred within the United States; and (f) by supplying or causing to be supplied in or from the United States what they know to be a component of the invention claimed in the '137 Patent that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the '137 Patent if such combination occurred within the United States.

14.     AATI further alleged that Insitu actively and knowingly induced Boeing's infringement of the '137 Patent.

15.     In addition, AATI alleged that Insitu contributorily infringed the '137 Patent by offering to sell or selling within the United States, its territories, and possessions (including without limitation, U.S. Navy vessels inside and outside the territorial waters of the United States and U.S. military bases worldwide) what it knows to be a component of the system claimed in the '137 Patent or for use in practicing the process claimed in the '137 Patent, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of the '137 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

16.     AATI's accusations give rise to a case of actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202.

### Count One—Non-Infringement of the '729 Patent

17. Boeing and Insitu repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

18. Boeing and Insitu are not infringing and have not infringed, directly, by inducement or contributorily, any claim of the '729 Patent.

19. To resolve the legal and factual questions raised by AATI and to afford relief from the uncertainty and controversy that AATI's accusations have precipitated, Boeing and Insitu are entitled to a declaratory judgment that they do not infringe on any claim of the '729 Patent.

### Count Two—Invalidity of the '729 Patent

20. Boeing and Insitu repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

21. One or more claims of the '729 Patent is invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

22. To resolve the legal and factual questions raised by AATI and to afford relief from the uncertainty and controversy that AATI's accusations have precipitated, Boeing and Insitu are entitled to a declaratory judgment that one or more claims of the '729 Patent is invalid.

### Count Three—Non-Infringement of the '137 Patent

23. Boeing and Insitu repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

24. Boeing and Insitu are not infringing and have not infringed, directly, by inducement or contributorily, any claim of the '137 Patent.

25. To resolve the legal and factual questions raised by AATI and to afford relief from the uncertainty and controversy that AATI's accusations have precipitated, Boeing and

Insitu are entitled to a declaratory judgment that they do not infringe on any claim of the '137 Patent.

## Count Four—Invalidity of the '137 Patent

26. Boeing and Insitu repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

27. One or more claims of the '137 Patent is invalid under one or more sections of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 102, 103, and 112.

28. To resolve the legal and factual questions raised by AATI and to afford relief from the uncertainty and controversy that AATI's accusations have precipitated, Boeing and Insitu are entitled to a declaratory judgment that one or more claims of the '137 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Boeing and Insitu respectfully request entry of judgment in their favor and against AATI as follows:

1. Declaring that Boeing and Insitu have not infringed, and are not infringing, directly or indirectly, any claims of the '729 Patent;

2. Declaring that the claims of the '729 Patent are invalid;

3. Declaring that Boeing and Insitu have not infringed, and are not infringing, directly or indirectly, any claims of the '137 Patent;

4. Declaring that the claims of the '137 Patent are invalid;

5. Awarding Boeing and Insitu attorneys' fees and costs incurred in connection with this matter; and

6. Such further relief as the Court may deem just and proper.

        Respectfully submitted,

Dated: March 21, 2012        ARMSTRONG TEASDALE LLP

By: /s/ B. Scott Eidson
    John H. Quinn, III, #26350MO
    David W. Harlan, #20127MO
    B. Scott Eidson, #57757MO
    7700 Forsyth Blvd., Suite 1800
    St. Louis, Missouri 63105-1847
    Tel: 314-621-5070
    Fax: 314-621-5065
    jquinn@armstrongteasdale.com
    dharlan@armstrongteasdale.com
    seidson@armstrongteasdale.com

    David C. Marcus
    (*admission pro hac vice forthcoming*)
    WILMER CUTLER PICKERING HALE
      AND DORR LLP
    350 South Grand Avenue, Suite 2100
    Los Angeles, CA 90071
    Tel:  213-443-5312
    David.Marcus@wilmerhale.com

    Nina S. Tallon
    (*admission pro hac vice forthcoming*)
    WILMER CUTLER PICKERING HALE
      AND DORR LLP
    1801 Pennsylvania Avenue NW
    Washington, DC 20006
    Tel: 202-663-6365
    Nina.Tallon@wilmerhale.com

    Joseph F. Haag
    (*admission pro hac vice forthcoming*)
    WILMER CUTLER PICKERING HALE
      AND DORR LLP
    950 Page Mill Road
    Palo Alto, CA 94304
    Tel: 650-858-6032
    Joseph.Haag@wilmerhale.com

    *ATTORNEYS FOR DEFENDANTS*
    *THE BOEING COMPANY AND INSITU, INC.*

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 21st day of March, 2012, a true and accurate copy of the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the following:

Anthony W. Shaw; shaw.anthony@arentfox.com
Craig S. King; king.craig@arentfox.com
Kevin R. Pinkney; pinkney.kevin@arentfox.com
Richard J. Webber; webber.richard@arentfox.com
Taniel E. Anderson; anderson.taniel@arentfox.com
ARENT AND FOX
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5339
202-857-6320
Fax: 202-857-6395

Lindsay S.C. Brinton; Email: brinton.lindsay@arentfox.com
ARENT FOX LLP
112 South Hanley Road, Suite 200
Clayton, MO 63105-3418
314-721-0219
Fax: 202-357-6395                                /s/ B. Scott Eidson