UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., </br></br>       Plaintiff and </br>       Counterclaim-Defendant, </br></br> v. </br></br> THE BOEING COMPANY, </br></br>       and </br></br> INSITU, INC., </br></br>       Defendants and </br>       Counterclaim-Plaintiffs. | Civil Action No. 4:12-cv-226-RWS </br></br> **STIPULATION FOR PROTECTIVE ORDER** |

Upon stipulation of the parties for an Order pursuant to Fed. R. Civ. P. 26(c) that trade secret or other restricted information be disclosed only in designated ways:

1. As used in the Protective Order, these terms have the following meanings:

    (a) "Attorneys" means counsel of record;

    (b) "Restricted – Attorneys' Eyes Only" documents are the subset of restricted documents designated pursuant to Paragraph 5;

    (c) "Documents" are all materials within the scope of Fed. R. Civ. 34; and

    (d) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. By identifying a document as "Restricted," a party may designate any document, including interrogatory response, other discovery response, and/or transcript, that it, in good faith, contends constitutes or contains trade secret or other restricted information.

3. All restricted documents, along with the information contained in the documents, shall be used solely for the purpose of this action or *Advanced Aerospace Technologies, Inc. v. United States*, No. 1:12-cv-00085-SGB, currently pending before the U.S. Court of Federal Claims (the "CFC Action"), and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in Paragraph 4. Prohibited purposes include, but are not limited to, use for competitive purposes or the prosecution of additional intellectual property rights.

4. Access to any restricted document shall be limited to:

   (a) The Court, the U.S. Court of Federal Claims, and each court's respective personnel;

   (b) Attorneys of record in the above-captioned litigation and the CFC Action, to the extent they have agreed to be bound by this order, and any members or employees of their respective law firms or government agencies;

   (c) Persons shown on the face of the document to have authored or received it;

   (d) Court reporters retained to transcribe testimony;

   (e) Inside counsel of the parties to the above-captioned litigation and the CFC Action, three non-lawyer AATI employees directly involved in the above-captioned litigation or the CFC Action, and a total of six non-lawyer employees of Defendants (allocated between Defendants Boeing and Insitu at Defendants' discretion) directly involved in the above-captioned litigation or the CFC Action;

(f) Outside persons who are used by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members, and/or to give testimony in this action; and

(g) Any other person or entity that the parties (including third parties, to the extent the third party has designated the document as restricted) mutually agree, in writing, may have access to restricted documents.

5. The parties shall have the right to further designate restricted documents or portions of documents as "Restricted – Attorneys' Eyes Only." Disclosure of such information shall be limited to the persons designated in Paragraphs 4(a), (b), (c), (d), and, in addition, persons designated in Paragraph 4(g), to the extent the parties mutually agree in writing that the individual may have access to "Restricted – Attorneys' Eyes Only" documents.

6. Third parties producing documents in the course of this action may also designate documents as "Restricted" or "Restricted – Attorneys' Eyes Only," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such third parties, even if not designated by such third parties as "Restricted" or "Restricted – Attorneys' Eyes Only," shall be treated by the parties to this action as "Restricted - Attorneys' Eyes Only" for a period of 15 days from the date of their production. During that 15 day period, any party may designate such documents as "Restricted" or "Restricted – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

7. Each person who is to receive restricted information pursuant to Paragraph 4(e) or 4(f) shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 11 days prior to disclosure of restricted information to any such person. Such

notice shall provide a reasonable description of the outside person to whom disclosure is sought sufficient to permit objection to be made. A party may object in writing to such disclosure within 10 days after receipt of notice by setting forth in detail the grounds on which the party's objection is based. If a party objects within the 10-day period, no disclosure shall be made until the party seeking disclosure obtains the prior approval of the Court or the objecting party.

8.  All depositions or portions of depositions taken in this action that contain trade secret or other restricted information may be designated "Restricted" or "Restricted – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Restricted" or "Restricted – Attorneys' Eyes Only" documents. Designations for depositions shall be made either on the record or by written notice to the other party within 10 days of receipt of the final transcript. Unless otherwise agreed depositions shall be treated as "Restricted – Attorneys' Eyes Only" until 10 days after receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that includes restricted information shall be taken only in the presence of persons who are qualified to have access to such information.

9.  Any party who fails to designate documents as "Restricted" or "Restricted – Attorneys' Eyes Only" may designate the documents to the same extent as it may have designated the documents before production by providing written notice of the error and substituting copies of the documents bearing appropriate designations. The party receiving the designation shall, upon receiving the replacement set of documents, immediately return or destroy the documents that lacked the designation to the designating party, and the parties shall undertake reasonable efforts to correct any disclosure of such information contrary to the designation. No showing of error, inadvertence, or excusable neglect shall be required for a party to avail itself of the provisions of this paragraph.

10.     Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of the error, so advise the receiving party and request that the documents be returned. The receiving party shall return or certify destruction of the documents, including all copies, within 10 days of receiving such a written request. The party returning or destroying such documents may thereafter seek reproduction of any such documents pursuant to applicable law, although the party seeking reproduction may not use the fact that the documents were previously produced inadvertently to argue that privilege or any other immunity from discovery has been waived. No showing of error, inadvertence, or excusable neglect shall be required for a party to avail itself of the provisions of this paragraph.

11.     If a party intends to file a document containing restricted information with the Court, this Protective Order grants leave to make such filing under seal in compliance with Local Rule 13.05(A) and/or the Electronic Case Filing/Case Management procedures manual. Prior to disclosure at trial or a hearing of materials or information designated "Restricted" or "Restricted – Attorneys' Eyes Only," the parties may seek further protections against public disclosure from the Court.

12.     Any party may request a change in the designation of any information designated "Restricted" and/or "Restricted – Attorneys' Eyes Only." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Restricted" and/or "Restricted – Attorneys' Eyes Only" in the action may be affected. The party asserting that the material is Restricted shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

LDR/380517.1

13. Within 60 days of the termination of both this action and the CFC Action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Restricted," and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification in writing to the disclosing party as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action, including one copy of documents designated as "Restricted" and/or "Restricted – Attorneys' Eyes Only."

14. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting access to documents as may be appropriate.

15. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

16. The obligations imposed by the Protective Order shall survive the termination of this action.

17. Not later than 60 days after the termination of both this action and the CFC Action, including any appeals, the parties shall file a motion seeking leave to remove any physical materials designated "Restricted" or "Restricted – Attorneys' Eyes Only" from the office of the Clerk of Court.

18. Nothing herein shall prevent any party from disclosing its own restricted information in any manner that it considers appropriate.

19. The parties are negotiating an acceptable patent prosecution bar and shall submit the agreed terms to the Court as a requested addendum to this order. No documents designated "Restricted – Attorneys' Eyes Only" shall be produced in the absence of a patent prosecution bar acceptable to each party.

20. In the event that any party seeks the production of documents containing material that may be classified, subject to International Traffic in Arms Regulations or other export controls, or otherwise restricted by federal law, the parties will confer regarding an appropriate resolution consistent with federal law. Notwithstanding anything contained in this order, classified information shall be controlled according to applicable statute.

Stipulated to:

**ARENT FOX, LLP**

By: /s/ Lindsay S.C. Brinton
Lindsay S.C. Brinton (Bar No. 58595MO)
Clayton, MO 63105
Phone: (314) 721-0219
Fax:    (202) 357-6395
brinton.lindsay@arentfox.com

Craig S. King
Anthony W. Shaw
Richard J. Webber
Kevin R. Pinkney
Taniel E. Anderson
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Phone  (202) 857-6227
Fax:    (202) 357-6395
king.craig.@arentfox.com
shaw.anthony@arentfox.com
webber.richard@arentfox.com
pinkney.kevin@arentfox.com
anderson.taniel@arentfox.com

ARMSTRONG TEASDALE LLP

By: /s/ B. Scott Eidson
John H. Quinn, III, #26350MO
David W. Harlan, #20127MO
B. Scott Eidson, #57757MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
Tel: 314-621-5070
Fax: 314-621-5065
jquinn@armstrongteasdale.com
dharlan@armstrongteasdale.com
seidson@armstrongteasdale.com

David C. Marcus
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: 213-443-5312
David.Marcus@wilmerhale.com

Nina S. Tallon
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC 20006
Tel: 202-663-6365
Nina.Tallon@wilmerhale.com

Joseph F. Haag
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
950 Page Mill Road
Palo Alto. CA 94304
Tel: 650-858-6032
Joseph.Haag@wilmerhale.com

ATTORNEYS FOR DEFENDANTS
THE BOEING COMPANY AND INSITU, INC.

LDR/380517.1

## EXHIBIT A
## WRITTEN ASSURANCE

I,_____, declare that:

1.    My address is _____, and the address of my present employer is _____.

2.    My present occupation or job description is _____ _____.

3.    My present relationship to plaintiff/defendant(s) is _____ _____.

4.    I have received a copy of the Stipulation for Protective Order (the "Protective Order") in this action.

5.    I have carefully read and understand the provisions of the Protective Order, agree to be bound by it, and specifically agree I will not use or disclose to anyone any of the contents of any Restricted information received under the protection of the Protective Order.

6.    I understand that I am to retain all copies of any of the materials that I receive which have been so designated as Restricted in a container, cabinet, drawer, room, or other safe place in a manner consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all restricted documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

I declare under penalty of perjury under the laws of the state where executed that the foregoing is true and correct.

Executed this _____ day of _____, 20 ___, in the State of _____.

_____
Signature