**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., | ) ) ) ) | |
| Plaintiff and Counterclaim-Defendant, | ) ) ) | Civil Action No. 4:12-cv-226-RWS |
| v. | ) ) | |
| THE BOEING COMPANY, | ) ) | |
| and | ) ) | |
| INSITU, INC., | ) ) | |
| Defendants and Counterclaim-Plaintiffs. | ) ) ) | |

**MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO STAY**

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ...................................................................................................1

II.     FACTS...................................................................................................................3

III.    ARGUMENT .........................................................................................................4

        A.      A Stay Is Neither Warranted Nor Justified.................................................4

        B.      The First-Filed Rule Is Not Applicable to AATI's Lawsuits ....................9

        C.      There Is No Compelling Reason Why the Two Actions Should Not
                Proceed Concurrently ..............................................................................12

        D.      If One of the Two Actions Should be Stayed, It is the CFC Action, and
                Therefore Defendants' Motion to Stay this Action Should Be Denied................13

        E.      Defendants' Motion Is Based Mere Speculation as to Key Matters – and
                for that Reason, at a Minimum, Should be Rejected as Premature .....................14

IV.     CONCLUSION ...................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Aerospace Technologies, Inc. v. United States*,
  No. 1:12-cv-00085-SGB (Ct. Fed. Claims).................................................................1

*AG Leader Tech., Inc. v NTech Indus., Inc.*,
  574 F. Supp. 2d 1011 (S.D. Iowa 2008)...................................................................10

*COA Network, Inc. v. J2 Global Commc'ns, Inc.*,
  2010 WL 2539692 (D.N.J. June 17, 2010).................................................................10

*Dohse v. Potter*,
  2006 WL 1314327 (D. Neb. May 11, 2006) .........................................................5, 9, 10, 13

*Entines v. United States*,
  495 F. Supp. 2d 84 (D.D.C. 2007)............................................................................11

*Hall v. The Holmes Group, Inc.*,
  2006 WL 148742 (E.D. Mo. Jan. 18, 2006)...........................................................6, 14

*Houk v. Kimberly-Clark Corp.*,
  613 F. Supp. 923 (W.D. Mo. 1985)........................................................................6, 14

*Jacob v. New York City*,
  315 U.S. 752 (1942) ..............................................................................................9, 14

*Manville Sales Corp. v. Paramount Sys., Inc.*,
  917 F.2d 544 (Fed. Cir. 1990) ..................................................................................8

*Moses H. Cone Mem'l Hosp. v Mercury Const. Corp.*,
  460 U.S. 1 (1983) ......................................................................................................4

*Munchkin, Inc. v. FRUminator, Inc.*,
  2008 WL 2486042 (E.D. Mo. June 18, 2008)...........................................................6

*Nw. Airlines, Inc. v. Am. Airlines, Inc.*,
  989 F.2d 1002 (8th Cir. 1993).................................................................................9, 10

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
  678 F.2d 93 (9th Cir. 1982)......................................................................................10

*Scottsdale Ins. Co. v. Detco Indus., Inc.*,
  426 F.3d 994 (8th Cir. 2005) ("Scottsdale sought a federal ***declaratory judgment*** . . .
  .")...........................................................................................................................10, 11

*Smart v. Sunshine Potato Flakes, L.L.C.*,
    307 F.3d 684 (8th Cir. 2002) ................................................................................10

*Toxgon Corp. v. BNFL, Inc.*,
    312 F.3d 1379 (Fed. Cir. 2002) .............................................................................8, 9

*U.S. Fid. & Guar. Co. v. Am. Guar. & Liab. Ins. Co.*,
    2007 WL 1289723 (E.D. Mo. May 1, 2007) ..........................................................10

*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*,
    920 F.2d 487 (8th Cir. 1990) ................................................................................10

*U.S. v. Tohono O'Odham Nation*,
    131 S. Ct. 1723 (2011) ..........................................................................................12

*Wal-Mart Stores, Inc. v. Walters*,
    202 F. Supp. 2d 931 (E.D. Mo. 2001) .....................................................................4

**STATUTES**

28 U.S.C. § 1498 ...........................................................................................................4, 7, 8

28 U.S.C. §§ 1498 and 1500 ..............................................................................................11

28 U.S.C. § 1500 ...........................................................................................................2, 12

28 U.S.C. § 1659 ..................................................................................................................5

35 U.S.C. § 271 ....................................................................................................................4

**OTHER AUTHORITIES**

Federal Judicial Caseload Statistics 2011 at Table C-5, available at
    www.uscourts.gov/Viewer.aspx?doc= ......................................................................6

L.R. 16-5.01........................................................................................................................6

Seventh Amendment .......................................................................................................9, 14

Therefore, *Scottsdale*'s ....................................................................................................11

U.S. Patent Nos. 6.874,729.................................................................................................4

## MEMORANDUM IN OPPOSITION
## TO DEFENDANTS' MOTION TO STAY

Plaintiff AATI, Inc. respectfully submits this Memorandum of Law in opposition to the

motion of Defendants The Boeing Company and Insitu, Inc. (together, "Defendants") to stay this

proceeding pending the final disposition of *Advanced Aerospace Technologies, Inc. v. United*

*States*, No. 1:12-cv-00085-SGB (Ct. Fed. Claims).

## I.      INTRODUCTION

AATI brought its main action against Defendants in this Court – explaining that:  (i) it is

this action that seeks recovery on the great majority of Defendants' infringing contracts; and (ii)

those contracts have been for Boeing and Insitu sales of services, not hardware, to the U.S.

Government and other customers, and do not involve authorization and consent by the U.S.

Government.  AATI brought a residual action in the Court of Federal Claims ("CFC") seeking

recovery on those relatively few infringing contracts that involved sales of hardware to the U.S.

Government and involved authorization and consent by the U.S. Government.  As stated in the

two complaints, AATI conservatively estimates the amount at stake in the case pending in this

Court to be on the order to four times (before trebling) as great as the amount at stake in the case

pending in the CFC – estimating that the recovery on the infringing contracts pending in this

Court exceeds approximately $160 million, and that the recovery on the infringing contracts

pending in the CFC exceeds approximately $40 million.

Defendants now ask this Court to turn this upside down – and stay the main action while

Defendants litigate the residual action in the CFC.  Defendants' proposed approach makes no

practical sense, and certainly is neither required by, nor consistent with, the law.

This Court has sole jurisdiction to decide whether there has been infringement with

respect to this great majority of contracts, including contracts that do not include the United

States as a party.  The United States' consent to a few of the contracts in the later years of the infringement should not drive the legal process.  Moreover, only this Court can provide AATI a jury trial.  Finally, while AATI strongly contends that both actions should proceed concurrently; if any action is to be stayed, it should be the CFC action for the foregoing reasons and also because, as plaintiff, AATI's preference as to forums should be honored.

Defendants argue that because the CFC action was first-filed, AATI should, in effect, be deemed to have given primacy to the CFC.  Defendants cite cases for the proposition that where two actions are "substantially the same," courts follow a rule that the first-filed case should be the one to proceed.  None of the cited cases, however, is apposite to the facts here.  First, AATI did not "choose" to file first in the CFC; it was constrained by 28 U.S.C. § 1500 to do so or potentially lose CFC jurisdiction altogether.  Second, the "first-filed" rule (which is not really a rule at all) has been applied typically, if not always, where a plaintiff's lawsuit is followed by a defendant's declaratory judgment action.  In those cases, it is the plaintiff's prerogative that is being preserved.  Third, this Court and the CFC do not have concurrent jurisdiction.  Fourth, AATI's two actions do not have all parties in common or all issues in common: the government is in only one action, the infringing contracts are different, and issue of willful infringement arises only in this Court.

There are compelling reasons why the two cases should proceed concurrently.  Discovery need not be duplicative.  AATI has no reason to seek the same discovery from Boeing and Insitu in each court; its discovery in this Court would cover all information and more than could be obtained through the CFC.  Instead, discovery in the CFC would be directed to the United States.  Any rulings in one court would either be *res judicata* or highly persuasive in the other.  Staying

either action would put AATI in the position of having to return to the stayed court years later to prove its damages.

This Court should, therefore, deny Defendants' motion for a stay regardless of whether it believes that the two actions should proceed concurrently or that one action should be stayed, because if any action should be stayed, it is the CFC action.  The United States (or Boeing and Insitu, if they join the CFC action) can make that request in the CFC if it chooses to do so, and the CFC will decide what is appropriate at that time.

## II.    FACTS

AATI is small aerospace research and development company based in St. Louis, Missouri.  It was founded by Randy McDonnell, a member of the storied McDonnell family of aviation pioneers.  *See* Compl. at ¶¶ 1-2 (D.I. 1).  Mr. McDonnell invented and developed a novel method and device for retrieving small unmanned aerial vehicles (UAVs) without the need for a runway.  *Id.* at ¶ 3.  His invention includes adding hook devices to a UAV's wings that are used to catch a vertical arrestment line, which decelerates and retrieves the UAV.  *Id.* at ¶ 4. Mr. McDonnell's invention revolutionized the UAV market by allowing damage-free operation of UAVs in previously inaccessible areas.  *Id.* at ¶¶ 20-21.

After sharing his patented invention in what Mr. McDonnell thought would be a collaborative effort, Insitu misappropriated the technology claimed in AATI's patents and cut Mr. McDonnell out of the deal it struck with Boeing.  *Id.* at ¶¶ 31-32.  After years of failed negotiations, AATI was forced to seek judicial intervention to preserve its rights and obtain fair compensation for the multi-billion dollar industry it helped create.[1]

---

[1] Defendants' allegation that "AATI has delayed asserting its claim for years" is not well-taken. Defs.' Mem. At 14.  Any alleged delays arise from Defendants' bad-faith dealings with AATI.

On February 8, 2012, AATI sued the United States under 28 U.S.C. § 1498 in the CFC

for infringement of U.S. Patent Nos. 6.874,729 and 7,097,137 (together, the "AATI patents")

arising out of government contracts with Defendants that included "authorization and consent" to

infringe patents.  The very next day, AATI sued Defendants in this Court under 35 U.S.C. § 271

for willful infringement of the AATI patents arising out of government contracts with the United

States that did not include "authorization and consent," contracts with foreign governments, and

sales of equipment and services to non-governmental entities.

Both AATI and Boeing are based in this judicial district.[2]   Insitu, a wholly owned

subsidiary of Boeing, is based in Washington State.  *Id.* at ¶ 6.

III.    **ARGUMENT**

    A.    **A Stay Is Neither Warranted Nor Justified**

When considering a request for a stay,[3] courts should be mindful of the Supreme Court's

admonition that federal courts have a "virtually unflagging obligation" absent "exceptional

circumstances" to exercise jurisdiction when a case is properly before it.  *Moses H. Cone Mem'l*

*Hosp. v Mercury Const. Corp.*, 460 U.S. 1, 14-15 (1983) (citation omitted) (holding that a stay

was an abuse of discretion).  The Eighth Circuit agrees.  When a Missouri plaintiff sues a

Missouri-based defendant in Missouri, district courts have a "'virtually unflagging obligation . . .

to exercise the jurisdiction given them.'"  *Wal-Mart Stores, Inc. v. Walters*, 202 F. Supp. 2d 931,

---

[2] After announcing a $25 million contract with "Canadian companies" for ISR services in Afghanistan through Insitu, Boeing described itself as follows:  "Headquartered in St. Louis, Boeing Integrated Defense Systems is a $32 billion business with 70,000 employees worldwide." Boeing Press Release dated May 27, 2009, available at boeing.mediaroom.com/index.php?s= 43&item=679 (last visited Apr. 23, 2012) (Ex. A).

[3] AATI agrees that resolution of this motion is not unique to patent law and Eight Circuit law controls.  *See* Defs.' Mem. at 4 n.4.

933 (E.D. Mo. 2001) (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)) (declining to dismiss federal suit because of a co-pending state suit).

Defendants have not cited a single case in which a federal district court has granted a stay in the circumstances presented here, where AATI filed co-pending CFC and district court cases because neither court alone can provide full relief.[4]  A sister court in Nebraska, however, denied relief in similar circumstances in *Dohse v. Potter*, 2006 WL 1314327 (D. Neb. May 11, 2006). In *Dohse*, the same plaintiff filed a CFC complaint and district court complaint under "the same operative facts and involv[ing] the same parties." *Id.* at *2.  The court explained that "[a] party who seeks a stay must show hardship or inequity in being forced to move forward if there is 'even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) and citing *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996)).

Here, there is far more than a fair possibility that a stay would work damage to AATI and Defendants have not and cannot "show hardship or inequity in being forced to move forward." *Id.*

The damage to AATI is manifest.  Under what appears to be Defendants' proposal, AATI would have to prevail in the CFC and then years later return to this Court and pick up this case at the point it is now, essentially starting from scratch.  Staying the present Missouri case in such a manner would prejudice AATI for several reasons.  First, AATI, as the plaintiff in both the Missouri and CFC suits, is entitled to proceed in both forums.  As stated in the context of

---

[4] Congress is aware of the potential for two co-pending patent suits.  For example, if suits are pending in a district court and the International Trade Commission, any party to both suits may move for a stay, and "the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action . . . ." 28 U.S.C. § 1659.  No similar statute exists for suits pending in both the CFC and a district court.

motions to transfer, courts recognize that "the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought, as is the case here." *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985) (citations omitted); *see also Hall v. The Holmes Group, Inc.*, 2006 WL 148742, at *1 (E.D. Mo. Jan. 18, 2006) (Plaintiff's choice of forum is "paramount consideration").

Second, Missouri is a convenient location for the witnesses who reside here[5] and "the out-of-state witnesses . . . as St. Louis is easily accessible and centrally located." *Munchkin, Inc. v. FRUminator, Inc.*, 2008 WL 2486042, at *2 (E.D. Mo. June 18, 2008) (denying motion to dismiss, stay, or transfer).

Third, contrary to Defendants' bald assertion that "[a]dditional delay in resolving the subset of claims before this Court will not prejudice AATI," staying the Missouri case will prejudice AATI by adding significant delay. Defs.' Mem. At 14. AATI's and Boeing's home court is very fast. The median interval for cases pending in the Eastern District of Missouri is 7.9 months and the median interval until a trial is 21.7 months. *See* Federal Judicial Caseload Statistics 2011 at Table C-5, available at www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf (last visited Apr. 23, 2012) (Ex. B). Under this case's Track 2 assignment, it will be "concluded within 18 months of filing." L.R. 16-5.01. By comparison, AATI's CFC claims could take much longer to resolve. For starters, the United States has not yet filed an answer. The United States had sixty days to answer, and just sought and received an additional sixty days. Thus the CFC action will

---

[5] AATI is based in St. Louis and, on information and belief, Boeing has its principal aerospace and UAV operations in St. Louis. *See supra* at n.2.

have been pending for four months before the United States even answers.  Also, neither of the Defendants in this action has yet joined the CFC suit.

In addition to delays, an action in the CFC alone cannot make AATI whole, and staggering the actions would delay AATI's recovery for years.  One consequence of Section 1498 is that, to be made whole, AATI must pursue cases in both here *and* the CFC.  Contrary to Defendants' assertions, all of their infringement in the first instance is actionable in this Court— including all contracts with civilian, non-military customers, foreign governments, and, indeed, *all* contracts with the United States.

Defendants have successfully sold products and services to multiple foreign governments.  For example, Defendants have touted millions of dollars in sales to Canada in their promotional literature for ScanEagle, an accused product in this case.  *See* Exs. A and C. This Court has jurisdiction with respect to sales made directly to foreign governments; the CFC lacks jurisdiction with respect to such sales.

In addition to government sales, there are an increasing number of civilian uses for Defendants' accused UAVs.  For example, Insitu issued a press release describing an arrangement with the University of Alaska to use Defendants' UAVs for research.  *See* Exs. C and D.  The CFC lacks jurisdiction to grant relief for non-U.S. government contracts.  Therefore, an action in this Court must be maintained for AATI to be made whole with respect to such agreements.

This Court, and not the CFC, has jurisdiction over contracts with the U.S. Government where there has been no authorization and consent.  Exhibit E is a contract worth up to $128 million between Boeing and the Naval Air Systems Command.[6]  The contract includes the

---

[6] This contract and the related statement of work are publicly available and was among

standard Authorization and Consent clause.  Ex. E at 23.  However, the contract is to provide

*services* and requires no delivery or acceptance of UAV hardware.  *See*, *e.g.*, Ex. E at 2-5

(specifying purchase of "UAS ISR Pre-Deployment Services," "UAS ISR Deployment

Services," and "De-Installation/Post-Deployment Services").  Also, there is nothing in the

contract specifications or specific written instructions by the Contracting Officer directing the

manner of performance that provide authorization and consent to infringement the AATI patents.

*See* Ex. F (statement of work for Naval Air Systems Command contract).  Claims relating to this

contract can be heard *only* in this Court, and *cannot* be heard in the CFC.

Defendants state that the "Court of Federal Claims should receive priority because the

statutory scheme suggests that 'authorization and consent' should be determined by that court in

the first instance."  Defs.' Mem. at 11.  Defendants are wrong.  *See Toxgon Corp. v. BNFL, Inc.*,

312 F.3d 1379, 1360 (Fed. Cir. 2002) (where plaintiff sues in federal district court, that court has

jurisdiction to determine "whether the [Office of Naval Research] grant may authorize the

necessary predicates for § 1498(a)").  To the contrary, the statutory scheme grants this Court

jurisdiction over *every* contract between Defendants and the United States, regardless of

authorization and consent.  *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 555

(Fed. Cir. 1990) (unless defendant timely raises § 1498 as affirmative defense, district court has

jurisdiction over contracts where authorization and consent was provided).  The fact that AATI

prudentially sought relief in the CFC, and not this Court, for contracts over which there is

authorization and consent must not be misconstrued to imply a defect in this Court's jurisdiction.

---

Defendants' government contracts that AATI scrutinized prior to bringing suit.  Of course,
Defendants are correct to emphasize the need for discovery to permit AATI and this Court to
consider which, if any, of the contracts and specifications provide for authorization and consent.
Defs.' Mem. at 10 ("AATI says that its 'review of publicly available information' did not reveal
Government 'specifications or instructions requiring infringement of the AATI patents.'  But, of
course, such information is *not* publicly available.").

It is proper in this Court to address any dispute over whether a particular contract provides authorization and consent.  *Toxgon*, 312 F.3d at 1360.

Also, a stay of the Missouri case in favor of the CFC case would deprive AATI of its "fundamental and sacred" Seventh Amendment right to a jury trial on infringement and validity.  *Jacob v. New York City*, 315 U.S. 752, 752 (1942).  Because the CFC does not hear jury cases, and because AATI would likely be barred from proceeding in Missouri if it lost in the CFC, a stay could potentially deprive AATI of its right to a jury trial.

Thus far more than a "'fair possibility'" of harm to AATI exists if the stay is granted because AATI will not have its claim heard "for an unknown period of time."  *Dohse v. Potter*, 2006 WL 1314327, at \*3.  Against this, Defendants cannot "show hardship or inequity in being forced to move forward according to schedule."  *Id.*  Indeed, the *Dohse* court found "no reason . . . why discovery cannot be conducted in a parallel manner more efficiently than if one case were stayed."  *Id.*  The Nebraska Court, like this Court, "has an interest in securing the just, speedy, and inexpensive determination of every action."  *Id.* (citing Fed. R. Civ. P. 1).  In short, the district court "case may involve similar issues based on the similar facts, however, the Court of Federal Claims proceeding does not involve the same claims, nor would resolution of that case appear to resolve the claims here.  The interest of the defendant to proceed with one case at a time does not justify the burden of delay a stay may cause the plaintiff."  *Id.* (denying defendant's motion to stay district court action that was co-pending with CFC action).  For the precise reasons articulated in *Dohse,* this Court should deny Defendants' motion for stay.

### B.    The First-Filed Rule Is Not Applicable to AATI's Lawsuits

"[T]he first-filed rule gives priority . . . *to the party who first establishes jurisdiction*."  *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006 (8th Cir. 1993) (emphasis added).  In other words, the choice of venue belongs to the plaintiff who filed suit, not the defendant who

would prefer another venue.   Additionally, the rule applies only "in cases of concurrent jurisdiction." *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).  The Eight Circuit explained that "'first filed' is not a 'rule.'  It is a factor that typically determines, 'in the absence of compelling circumstances,' which of two concurrent federal court actions should proceed to judgment." *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) (quoting *U.S. Fire*, 920 F.2d at 488).

The *Dohse* court did not even address the "first to file" rule because it does not apply in these circumstances.  First, AATI is the plaintiff in both co-pending suits.  Second, there is no suit for declaratory judgment.   Third, this Court and the CFC do not have "concurrent jurisdiction."

Every single first-filed rule case cited by Defendants involves the same fact pattern: Party A files suit in its preferred venue against Party B, then Party B files for declaratory judgment of the same issue in its preferred venue against Party A (or vice-versa).  *See, e.g., Nw. Airlines*, 989 F.2d at 1007 ("The fact that Northwest's action was for declaratory judgment also merits a closer look . . . .").[7]  The facts here are completely different.  First, AATI is the plaintiff in both the CFC suit and in the present suit, which were filed just one day apart.  Second, neither suit is a suit for declaratory judgment.   Third, as explained above, controlling precedent

---

[7] The remaining cases cited by Defendants also involve declaratory judgments. *See Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) ("Scottsdale sought a federal ***declaratory judgment*** . . . ."); *U.S. Fid. & Guar. Co. v. Am. Guar. & Liab. Ins. Co.*, 2007 WL 1289723, at *1 (E.D. Mo. May 1, 2007) ("('USF & G') brings this action for ***declaratory relief*** . . . ."); *AG Leader Tech., Inc. v NTech Indus., Inc.*, 574 F. Supp. 2d 1011, 1014 (S.D. Iowa 2008) ("Ag Leader abandoned its state-law tort claims, seeking only a ***declaratory judgment*** . . . ."); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) ("The parties agree that the Florida infringement action and the California ***declaratory judgment*** action involve identical parties and issues."); *COA Network, Inc. v. J2 Global Commc'ns, Inc.*, 2010 WL 2539692, at *1 (D.N.J. June 17, 2010) ("COA then filed this ***declaratory judgment*** action . . . .").

mandated the two suits because the two forums do not have concurrent jurisdiction.  Given these differences, the first-filed rule is inapposite.

As to this last factor, Defendants concede there is no concurrent jurisdiction here.  *See* Defs.' Mem. at 5 n.6.  Because no district court can hear the claims related to the government contracts with consent and authorization, and the CFC cannot hear the claims related to Defendants' other acts of infringement, there is no concurrent jurisdiction.  Indeed, 28 U.S.C. §§ 1498 and 1500 mandate two separate suits.

Instead, Defendants argue that the co-pending suits here are "parallel."  *See* Defs.' Mem. at 5.  "Parallel litigation," however, is litigation that is "pending in state court at the time [federal plaintiff] brought its declaratory judgment action."  *Scottsdale Ins. Co. v. Detco Indus., Inc.* 426 F.3d 994, 996 (8th Cir. 2005).  Here, there is no state case and no declaratory judgment action.  Therefore, *Scottsdale*'s "parallel litigation" test is inapposite.

Defendants cite *Entines v. United States*, 495 F. Supp. 2d 84 (D.D.C. 2007) for the proposition that "the first-filed rule generally applies where two courts have concurrent jurisdiction" and that "applying the [first-filed] rule is proper here."  Defs.' Mem. at 5 n.6.  The *Entines* court dismissed—not stayed—the co-pending district court case because "[i]t is unnecessarily duplicative of the pending case in the Federal Claims Court."  *Entines*, 495 F. Supp. 2d at 85.  Here, the present Missouri action and CFC cases are not duplicative or redundant—they are separately and independently *required* for AATI to obtain a full recovery.

Defendants' assertion that Plaintiff's first filing in the CFC established Plaintiff's preference for that case proceeding first is completely unwarranted.  Plaintiff filed first in the CFC solely to avoid a potential challenge to CFC jurisdiction over that residual case.  Pursuant to

28 U.S.C. § 1500,[8] the "CFC has no jurisdiction over a claim if the plaintiff has another suit for or in respect to that claim pending against the United States or its agents." *U.S. v. Tohono O'Odham Nation*, 131 S. Ct. 1723, 1727 (2011). Significantly, Section 1500 does not prohibit two suits from proceeding simultaneously so long as the action in the CFC is filed first. *Id.* at 1729. AATI filed its CFC complaint first solely out of an abundance of caution to foreclose any conceivable potential effort to challenge the CFC's jurisdiction under 28 U.S.C. § 1500 over the residual case filed in that forum.

        **C.**      **There Is No Compelling Reason Why the Two Actions Should Not Proceed Concurrently**

Defendants argue that the two actions should not proceed concurrently because there would be "overlapping, fact-intensive inquiries" and a risk of "inconsistent judgments." They further state that a stay would "conserve judicial resources." Defs.' Mem. at 1. These concerns are overstated and do not outweigh the reasons for continuing both actions.

First, discovery should not be duplicative. AATI has no reason to seek the same documents from Boeing and Insitu in each forum; its document discovery in this Court would cover all documents and be more than could be obtained through the CFC. On the contrary, document discovery in the CFC would be directed to the United States. Similarly, it would make no sense for AATI to duplicate other types of discovery in the two fora; sworn answers in one forum could be used in the other. Defendants in this Court would also have no reason to seek the same discovery from AATI in both courts. Any differences in discovery will relate to the

---

[8] 28 U.S.C. § 1500 provides:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

involvement of the United States in the CFC action, and discovery relevant to that involvement is not a duplication of effort and would be ultimately necessary, regardless of any stay. *See Dohse*, 2006 WL 1314327, at *3.

There is little or no danger of inconsistent judgments. Assuming Boeing and Insitu join the CFC action, decisions in either court will be res judicata as to them and AATI in both courts. Moreover, as to the government, any decision in this Court will be highly persuasive to the CFC and will in all likelihood be followed by that court.

There is no reason to believe that judicial resources will be wasted. This Court's proceedings are well under way, while in the CFC no answer has been filed by the government, nor is one due until June 8, 2012. Boeing and Insitu are not yet parties in the CFC. This Court's schedule will very likely remain well ahead of the CFC's schedule for completion of discovery and legal determinations. Thus, it is unlikely that both courts will be addressing the same issues at the same time; rather, the CFC will have the benefit of this Court's earlier determinations on any issue that is common to both.

Moreover, a stay in either action would put AATI in the position of having to return to the court whose action was stayed years later to prove its damages. There is no savings in judicial resources in such a procedure, but instead only a delay that harms AATI without benefiting the judicial system.

**D.     If One of the Two Actions Should be Stayed, It is the CFC Action, and Therefore Defendants' Motion to Stay this Action Should Be Denied**

For the reasons set forth above, AATI contends strongly that the two actions should proceed concurrently. If, however, it were determined that it is appropriate to stay one of the actions, it is the COFC action that should be stayed, not the action that is pending in the Eastern District of Missouri.

First, Plaintiff's preference for proceeding in this Court should be honored.  *Houk v. Kimberly-Clark Corp.*, 613 F. Supp. 923, 927 (W.D. Mo. 1985) ("the plaintiff's choice of a proper forum is entitled to great weight, and will not be lightly disturbed, especially where the plaintiff is a resident of the judicial district in which the suit is brought, as is the case here"); *see also Hall v. The Holmes Group, Inc.*, 2006 WL 148742, at *1 (E.D. Mo. Jan. 18, 2006) (same).

Second, the primary action is appropriately measured by the number of applicable contracts and revenues – and that action is pending in this Court.  In remarks to the trade press, Insitu's President and CEO recently stated that eighty percent of U.S. Government sales are for services and twenty percent are hardware.  *See* Ex. G.  This statement confirms that the vast bulk of the business at issue arises from contracts that are at issue in the case pending in this Court, not in the CFC case.  The case pending in this Court involves the vast majority of the operative facts (infringing contracts and related activities).  Those infringing activities are appropriately considered in this case – and by a Missouri jury.

Third, AATI can obtain a jury trial only in this Court – and its right to a prompt trial by a jury in Missouri must not be minimized and delayed.  *Jacob v. New York City*, 315 U.S. 752, 752 (1942) (Seventh Amendment right to a jury trial on infringement and validity is "fundamental and sacred").

And fourth, as previously noted, this Court is likely to decide AATI's claim faster than the CFC.

### E.      Defendants' Motion Is Based Mere Speculation as to Key Matters – and for that Reason, at a Minimum, Should be Rejected as Premature

Due to the unique circumstances of this case, where the co-pending actions are in different kinds of courts (Article I versus Article III), with different and nonintersecting jurisdiction, based on different statutes, and involve non-overlapping sets of transactions, AATI

submits that a stay of one in favor of the other will never be appropriate.  Defendants' arguments

to the contrary, however unavailing, are based entirely on speculation as to the future course of

these cases.  Thus, those arguments should not even be considered before both cases have had a

chance to progress to the point where the validity of those arguments can be tested.  For

example, as these cases go forward, it will become clear which transactions belong in which

court.  Boeing and Insitu will or will not have successfully intervened in the CFC action.  It will

also become clearer which court is more likely to conduct a *Markman* claim construction hearing

first and is more likely to reach the merits earlier.  For at least these reasons, Defendants' motion

should be denied because it depends on a host of assumptions that are unwarranted or, at the

least, simply guesswork at this juncture.

## IV.    CONCLUSION

Plaintiff respectfully requests that this Court deny the Defendants' Motion to Stay

Proceedings.

Date:  April 25, 2012                                      Respectfully submitted,

**ARENT FOX, LLP**

/s/ Lindsay S.C. Brinton
Lindsay S.C. Brinton (Bar No. 58595MO)
Clayton, MO 63105
Phone: (314) 721-0219
Fax:    (202) 357-6395
brinton.lindsay@arentfox.com

Craig S. King
Anthony W. Shaw
Richard J. Webber
Kevin R. Pinkney
Taniel E. Anderson
1050 Connecticut Avenue, N.W.
Washington, DC  20036

-16-

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

/s/ Lindsay S.C. Brinton