UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

_____
                                                    )
ADVANCED AEROSPACE                     )
TECHNOLOGIES, INC.,                        )
                                                    )
           Plaintiff and                          )
           Counterclaim-Defendant,        )          Civil Action No. 4:12-cv-226-RWS
                                                    )
     v.                                            )
                                                    )
THE BOEING COMPANY,                      )
                                                    )
           and                                     )
                                                    )
INSITU, INC.,                                     )
                                                    )
           Defendants and                      )
           Counterclaim-Plaintiffs.          )
_____)

### AATI'S MEMORANDUM OF LAW IN SUPPORT OF ITS
### UNOPPOSED MOTION TO SUPPLEMENT THE COMPLAINT

Plaintiff Advanced Aerospace Technologies, Inc. ("AATI") respectfully submits this

Memorandum of Law in support of its Motion to Supplement the Complaint to add a newly

issued patent directly related to and covering the same general technology as the patents-in-suit.

## I.    FACTS

On February 9, 2012, AATI sued Defendants The Boeing Company and Insitu, Inc.

(together, "Defendants") in this Court under 35 U.S.C. § 271 for willful infringement of U.S.

Patent Nos. 6,874,729 (the "•729 patent") (Ex. A) and 7,097,137 (the "•137 patent") (Ex. B).  *See*

Compl. (D.I. 1).  Just yesterday, the U.S. Patent and Trademark Office issued U.S. Patent No.

8,167,242 (the "•242 patent") (Ex. C) to AATI based on U.S. Application No. 12/893,407.

The •729, •137, and •242 patents are directly related and claim priority to U.S.

Provisional Application No. 60/145,286.  *See* Exs. A, B, and C at 1 (item "(60)").  All three

patents are titled "Launch and Recovery System for Unmanned Aerial Vehicles," share a

common specification, and cover the same general technology.  *See id.* at 1.  The •242 patent is a

divisional application of U.S. Patent Application No. 11/510,920, which is a divisional

application of the •137 patent, which is a divisional application of the •729 patent.  *See id.*

Westlaw illustrates the relationship as follows (the •242 patent is listed by its application number

"APN: 12/893407" because it was just recently issued):



Defendants' counsel have indicated that Defendants do not oppose this motion.

## II.   ARGUMENT

### A.   Legal Standards

A motion to supplement a pleading is a procedural matter governed by the law of the

regional circuit.  *See Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1318 (Fed. Cir.

2009).  Therefore, Eighth Circuit precedent controls.

"An amended pleading [Rule 15(a)] is designed to include matters occurring before the

filing of the bill but either overlooked or not known at the time.  A supplemental pleading [Rule

15(d)], however, is designed to cover matters subsequently occurring but pertaining to the original cause."  *U.S. v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977); *see also Riggs v. City of Owensville*, 4:10-CV-793 CAS, 2011 WL 1576723, at *2 (E.D. Mo. Apr. 26, 2011).  Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  Fed. R. Civ. P 15(d).  The Rule 15(a) standard for motions to amend the pleadings also applies to Rule 15(d) motions to supplement the pleadings.  *See Riggs*, 2011 WL 1576723, at *2 ("[P]rinciples allowing the liberal amendment of pleadings also apply to supplemental pleadings.") (citation omitted); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) ("Leave to amend should be granted liberally . . . .").

"Factors to consider in determining whether leave to amend should be granted include but are not limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the opposing parties; and (4) whether the proposed amendment would be futile."  *Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1047 (E.D. Mo. 2004) (granting leave to amend complaint).

### B.    <u>Leave should be freely granted to supplement AATI's complaint.</u>

All four factors favor granting leave to supplement AATI's complaint.  In the instant case, there has been no undue delay, bad faith, or dilatory motive.  AATI filed its motion to supplement one day after the •242 patent issued.  The proposed supplementation also serves the goal of furthering the efficient adjudication of this case because the •729, •137, and •242 patents are directed to the same unmanned aerial vehicle ("UAV") technology, and involve similar claim terms.

3

In terms of timing, this case has just recently begun.  The parties have not yet exchanged initial disclosures.  Therefore, adding the •242 patent would not prejudice Defendants and would not affect the existing schedule.

Finally, the proposed addition of the •242 patent would not be futile because it will allow for a complete resolution of all disputes between the parties.  Also, the supplementation will not make the complaint vulnerable to a Rule 12(b)(6) motion.  *See Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008) ("[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure . . . .").

## III.   <u>CONCLUSION</u>

For the reasons above, this Court should grant AATI leave to file the enclosed First Supplemental Complaint.

4

LDR/381383.1

Date:  May 2, 2012                          Respectfully submitted,

                                            **ARENT FOX, LLP**

                                              /s/ Lindsay S.C. Brinton
                                            Lindsay S.C. Brinton (Bar No. 58595MO)
                                            Clayton, MO 63105
                                            Phone: (314) 721-0219
                                            Fax:    (202) 357-6395
                                            brinton.lindsay@arentfox.com

                                            Craig S. King
                                            Anthony W. Shaw
                                            Richard J. Webber
                                            Kevin R. Pinkney
                                            Taniel E. Anderson
                                            1050 Connecticut Avenue, N.W.
                                            Washington, DC  20036

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2012, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

<u>/s/ Lindsay S.C. Brinton</u>

LDR/381383.1