UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ADVANCED AEROSPACE TECHNOLOGIES, INC., <br><br> Plaintiff and Counterclaim-defendant <br><br> v. <br><br> THE BOEING COMPANY, <br><br> and <br><br> INSITU, INC., <br><br> Defendants and Counterclaim-plaintiffs | Civil Action No. 4:12-cv-00226 |

**STATEMENT REGARDING THE EFFECT OF A STAY**

As requested by the Court in its April 27, 2012 Order (Dkt. 43), Defendants The Boeing Company and Insitu, Inc. ("Defendants") respectfully submit this Statement Regarding the Effect of a Stay.

I. **Effect Of Granting Stay.**

As explained in detail in Defendants' Memorandum of Law in Support of Boeing's and Insitu's Motion to Stay ("Stay Motion") and accompanying Reply Memorandum of Law in Further Support of its Motion to Stay ("Reply"), granting a stay of this action will eliminate a substantial risk of inconsistent judgments, conserve judicial resources, and minimize the overall burden on the parties.

      A.     *A stay would eliminate the risk of inconsistent judgments.*

A stay would eliminate the risk of inconsistent judgments.  **First**, absent a stay, the two courts would consider identical section 1498 issues.  Whether the Government has given its authorization and consent to the alleged infringement must be "determined infringement-by-infringement and contract-by-contract . . . ."  (Compl. ¶ 19.)  There is a substantial risk that the two courts could reach inconsistent determinations regarding whether particular instances of infringement are subject to authorization and consent under Section 1498.  For example, this Court could determine—without hearing from the Government—that Defendants' conduct under a particular contract was subject to the Government's authorization and consent, and the Court of Federal Claims could find that Defendants' conduct under the same contract was not subject to Government authorization and consent.  This would result in the claims not being heard in either forum.  The converse is also possible, and could result in duplicative recovery by AATI.

**Second**, absent a stay, the two courts would consider identical patent issues, including claim construction, infringement, and affirmative defenses of invalidity and unenforceability.  Each of these issues presents a substantial risk of inconsistent determinations.  For example, the two courts could reach inconsistent determinations concerning the meaning of the same claim term, or even whether an accused product infringes a claim.

As explained in Defendants' Reply, the doctrine of preclusion does not address these risks, in part because it generally does not apply until one court enters final judgment—by which time both courts will have expended substantial resources addressing complex issues presented by the case. Even to the extent that this Court enters a pre-judgment order with sufficient finality to have preclusive effect in the CFC Action, there will likely be a long delay before any such orders are entered here.  Under the previously-proposed schedules, dispositive motions are not due to be filed until December 2012, by which time CFC Action will likely have progressed

considerably.  Moreover, rulings of this Court would not bind the Government in the CFC Action, whereas, conversely, provided all elements of issue preclusion were satisfied with respect to the Court of Federal Claims's determinations, the rulings of the Court of Federal Claims would bind Defendants in the instant action, including as to the issue of authorization and consent.  A stay of the present action, unlike a stay of the CFC Action, would therefore eliminate a substantial risk of inconsistent determinations.

>   B.  *A stay would avoid waste of judicial resources and minimize the overall burden to the parties.*

A stay would prevent any waste of judicial resources resulting from both courts addressing the same section 1498 and patent issues.  This is so even under AATI's erroneous preclusion theory, under which the court to decide an issue first would moot the other court's efforts to resolve the very same issue.

A stay would also minimize the overall burden on the parties.  AATI suggests that it will recover damages sooner in the absence of stay.  Because rulings in the Court of Federal Claims would likely have preclusive effect in this Court, however, AATI would only be required to return to this Court to prove its damages (as AATI acknowledges), which would result in a relatively small delay of AATI's monetary recovery. (Opp. at 2-3.)  The potential harm to Defendants of litigating the two cases simultaneously in two courts that could potentially reach inconsistent judgments—including regarding the issue of authorization and consent—far exceeds any harm to AATI resulting from delaying a portion of any recovery to which it is entitled.

Furthermore, because the Government is a party in the CFC Action, a stay of this action, rather than the CFC Action, would allow the issue of authorization and consent to proceed first in the forum in which *all* interested parties have a full opportunity to be heard, and would

streamline discovery because the Government's absence from this action severely hampers discovery here.

II.     **Effect Of Denying Stay.**

As set forth in detail in Defendants' Stay Motion and Reply, denial of Defendants' Stay Motion will result in waste of judicial resources and a substantial risk of inconsistent judgments. In particular, denial of Defendants' Stay Motion would result in complex and time-consuming third-party discovery with respect to the Government in this action that would not be required in the CFC Action.   Accordingly, staying this action and allowing the action to proceed in the Court of Federal Claims first will minimize the risk of conflicting rulings and will be more efficient, overall, than allowing both actions to proceed concurrently.

Respectfully submitted,

Dated:  May 7, 2012

ARMSTRONG TEASDALE LLP

By:  /s/ John H. Quinn, III
John H. Quinn, III, #26350MO
David W. Harlan, #20127MO
B. Scott Eidson, #57757MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105-1847
Tel:  314-621-5070
Fax: 314-621-5065
jquinn@armstrongteasdale.com
dharlan@armstrongteasdale.com
seidson@armstrongteasdale.com

David C. Marcus
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel:  213-443-5312

David.Marcus@wilmerhale.com

Nina S. Tallon
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
1801 Pennsylvania Avenue NW
Washington, DC 20006
Tel:  202-663-6365
Nina.Tallon@wilmerhale.com

Joseph F. Haag
(admission pro hac vice)
WILMER CUTLER PICKERING HALE
 AND DORR LLP
950 Page Mill Road
Palo Alto. CA 94304
Tel:  650-858-6032
Joseph.Haag@wilmerhale.com

ATTORNEYS FOR DEFENDANTS
THE BOEING COMPANY AND INSITU, INC.