UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ADVANCED AEROSPACE | ) | |
| TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV226 RWS |
| | ) | |
| THE BOEING COMPANY and | ) | |
| INSITU, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Advanced Aerospace Technologies, Inc. (AATI) has filed two lawsuits asserting

patent infringement claims regarding the same patents.  One lawsuit was filed in this Court

asserting claims against Defendants The Boeing Company and its subsidiary Insitu, Inc.  AATI

filed the other parallel lawsuit in the United States Court of Federal Claims against the United

States asserting infringement of the same patents.  Boeing and Insitu have been joined in that

case by the United States.  Both lawsuits require claim construction of the same patents.

Defendants have moved to stay this action until the Court of Federal Claims action is resolved in

order to avoid potentially conflicting claim constructions of the patents in suit and other

overlapping issues if the cases proceed simultaneously.  In the interest of judicial efficiency, I

will stay this action to allow the Court of Federal Claims to proceed with resolving the common

issues in these lawsuits.  Depending on the rulings in that court, the claims against Defendants in

the present lawsuit have the potential to be fully resolved.

*Background*

Plaintiff AATI developed a method to launch and retrieve small unmanned aircraft used for various purposes including intelligence gathering, surveillance, and reconnaissance.  The key benefit of AATI's invention is the ability to launch and retrieve the aircraft in the air through the use of a vertically suspended towline.  This allows this type of aircraft to be made much lighter because it does not need additional components such as landing gear.  AATIs method includes a hook attached to the wing of the aircraft which grabs the towline and prevents the aircraft from sliding down the line.  AATI holds three patents, U.S. Patent No. 6,874,729 (the '729 patent), U.S. Patent No. 7,097,137 (the '137 patent), and U.S. Patent No. 8,167,242 (the '242 patent), which cover various aspects of its aircraft launch and retrieval system.

Defendant Insitu is in the business of making small unmanned aircraft used for intelligence gathering, surveillance, and reconnaissance.  It developed its own launch and retrieval system which AATI alleges is similar to its method.  In 2008, Defendant Boeing acquired Insitu which now operates Insitu as a wholly owned subsidiary.

AATI claims that Insitu's launch and retrieval system infringes on its '729, '137, and '242 patents.  AATI filed this lawsuit on February 9, 2012, asserting claims for patent infringement against Boeing and Insitu.

A day earlier, on February 8, 2012, AATI filed a related lawsuit against the United States in the United States Court of Federal Claims, Case No. 1:12CV85 SGB, asserting infringement of the same patents in suit regarding the aircraft manufactured by Boeing and Insitu.  These claims against the United States may only be brought in the Court of Federal Claims which is

why the United States was not added as a party to the lawsuit before this Court.[1]  Boeing and

Insitu were added to the Court of Federal Claims case as third party defendants.

Boeing and Insitu have moved to stay the case before this Court in deference to the

lawsuit proceeding in the Court of Federal Claims under the first-filed rule.

*Legal Standard*

When considering whether a case should be stayed in deference to a previously filed

parallel case, the Eighth Circuit has stated that the "first court in which jurisdiction attaches has

priority to consider the case." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002,

1005 (8th Cir.1993) (quoting Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121

(8th Cir.1985).  The first-filed rule should apply "in the absence of compelling circumstances."

Northwest Airlines, 989 F.2d at 1005.  The purpose of the first-filed rule is "to promote efficient

use of judicial resources."  Orthmann, 765 F.2d at 121.

*Discussion*

A central issue to be resolved in both this case and the case before the Court of Federal

Claims is the scope of the claims encompassed by AATI's patents in suit.  AATI is asserting

infringement of the same patents in both cases.  Defendants assert that, if the cases proceed

simultaneously, both courts will engage in overlapping, fact-intensive discovery which will be a

duplicative and inefficient use of judicial resources.  In addition, simultaneous claim construction

and infringement analysis on the same patents by both courts may result in inconsistent

judgments regarding the scope of the patents.  Both cases raise the issue, under 28 U.S.C. § 1498,

---

[1] Under 28 U.S.C. § 1498, the United States is precluded from being added as a defendant
in the matter before this Court.

whether the United States has waived its sovereign immunity and whether Boeing and Insitu are entitled to immunity for some of AATI infringement claims.[2]

AATI opposes a stay of this matter.  It asserts that both this Court and the Court of Federal Claims can simultaneously conduct parallel litigation without a duplication of effort. AATI suggests that either this Court or the Court of Federal Claims will first perform claim construction of the patents in suit and that the second court to reach the issue can be guided by the other court's resolution of the patent claims.  Stated another way, AATI sees the claim construction issue as a race between the two courts as to which court will resolve the issue first.

AATI overlooks two significant problems with this approach.  First, the parties will be engaged in duplicative discovery and be subject to inconsistent rulings on discovery disputes. Second, the claims construction decision of one court is not binding on the other court under the doctrine of claim preclusion until the first court enters a final judgment.  Because claims construction analysis will be conducted in both cases before either court enters a final judgment the risk of inconsistent claims construction is a factor that weighs heavily in favor of a stay of this action.  In addition, both courts will simultaneously be asked to make determinations under 28 U.S.C. § 1948 as to which contracts of alleged infringement are to be litigated in this Court or the Court of Federal Claims.  This is a duplicative and inefficient manner to litigate the same issues in both courts.

As a result, I find that the first-filed rule should apply in this matter and that the case in this Court should be stayed to avoid the duplicative and inefficient use of judicial resources and

---

[2] Both cases present the issue of whether Boeing and Insitu infringed AATI's patents pursuant to contracts with the United States Government in which the United States authorized or consented to the infringement under § 1498.

the risk of inconsistent judgments regarding the scope of the patents.  Moreover, the inability of this Court to maintain jurisdiction over the United States in this proceeding weighs in favor of allowing the case in the Court of Federal Claims to determine the common issues in dispute in the first instance because all three parties from whom AATI seeks recovery, the United States, Boeing, and Insitu, are defendants in the case before that Court.

Accordingly,

**IT IS HEREBY ORDERED that** Defendants' motion to stay this matter [#35] is **GRANTED**.  The Clerk of Court shall administratively close this matter.  The parties shall notify the Court of the resolution of the Court of Federal Claims lawsuit in a timely matter.  Further Court action in this matter will be determined after such notice.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2012.